```
              IN THE UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF ARKANSAS
```

UNITED STATES OF AMERICA

v.                          4:07CR00250(1-3)-WRW

NIGEL JALON CAFFEY
DAN MORRELL CAFFEY
DERRICK DONNELL CAFFEY

```
              PRELIMINARY ORDER OF FORFEITURE
                     Fed.R.Crim.P. 32.2(b)
```

IT IS HEREBY ORDERED THAT:

1.  As the result of the guilty plea to Counts 1 and 8 of the Superseding Indictment, and a stipulation of defendant Nigel Jalon Caffey on June 10, 2008, in which he agreed to the forfeiture the Government sought pursuant to Title 21 U.S.C. § 853(p) and Title 28, U.S.C. § 2461(c) defendant shall forfeit to the United States:

a.  All property used or intended to be used in any manner or part to commit the commission of offenses involving Title 18 U.S.C. Sections 924(c).

    (1)  Yugo 7.62 cal semi-automatic rifle, serial number 725183;

    (2)  Glock, Model 23, 40 cal. semi-automatic pistol, serial number CUG078US;

    (3)  SKS semi-automatic rifle, serial number D24129325;

    (4)  SKS semi-automatic rifle, serial number 37144;

    (5)  Ceska 380 cal semi-automatic pistol, serial number 180171;

    (6)   Lorcin 380 cal semi-automatic pistol, serial number 481219;

    (7)   HiPoint 9mm semi-automatic pistol, serial number P151540

    (8)   HiPoint 380 cal semi-automatic pistol, serial number P794324; and

    (9)   Bryco Arms 9mm semi-automatic pistol, serial number 1309169;

    (10)  $3371.16 in United States Currency (seized from Nigel Jalon Caffey on August 9, 2007);

    (11)  $558.00 in United States Currency (seized from 7607 Preston on April 5, 2007).

    2.   As the result of the guilty plea to Counts 1 and 8 of the Superseding Indictment, and a stipulation of defendant Dan Morrell Caffey on June 10, 2008, in which he agreed to the forfeiture the Government sought pursuant to Title 21 U.S.C. § 853(p) and Title 28, U.S.C. § 2461(c) defendant shall forfeit to the United States:

    a.   All property used or intended to be used in any manner or part to commit the commission of offenses involving Title 18 U.S.C. Sections 924(c).

    (1)   Mossberg 20-gauge shotgun, serial number R183570;

    (2)   Marlin, Model 60, .22 cal rifle, serial number 01134132; and

    (3)   an SKS semi-automatic 7.62 cal rifle, serial number R0705485

    3.   As the result of the guilty plea to Count 1 of the Superseding Indictment, and a stipulation of defendant Derrick

Donnell Caffey on March 26, 2008, in which he agreed to the forfeiture the Government sought pursuant to Title 21 U.S.C. § 853(p) and Title 28, U.S.C. § 2461(c) defendant shall forfeit to the United States:

a.  All property used or intended to be used in any manner or part to commit the commission of offenses involving Title 18 U.S.C. Sections 924(c).

A Bryco Arms 380 cal., semi-automatic pistol, serial number 261553

4.  The Court has determined, based on the evidence already in the record that the following property is subject to forfeiture pursuant to Title 21 U.S.C. § 853(p), and that the government has established the requisite nexus between such property and such offenses:

(1) **Yugo 7.62 cal semi-automatic rifle, serial number 725183;**

(2) **Glock, Model 23, 40 cal. semi-automatic pistol, serial number CUG078US;**

(3) **SKS semi-automatic rifle, serial number D24129325;**

(4) **SKS semi-automatic rifle, serial number 37144;**

(5) **Ceska 380 cal semi-automatic pistol, serial number 180171;**

(6) **Lorcin 380 cal semi-automatic pistol, serial number 481219;**

(7) **HiPoint 9mm semi-automatic pistol, serial number P151540**

(8)  HiPoint 380 cal semi-automatic pistol, serial number P794324; and

(9)  Bryco Arms 9mm semi-automatic pistol, serial number 1309169.

(10) $3371.16 in United States Currency (seized from Nigel Jalon Caffey on August 9, 2007);

(11) $558.00 in United States Currency (seized from 7607 Preston on April 5, 2007).

(12) Mossberg 20-gauge shotgun, serial number R183570;

(13) Marlin, Model 60, .22 cal rifle, serial number 01134132;

(14) an SKS semi-automatic 7.62 cal rifle, serial number R0705485l; and

(15) A Bryco Arms 380 cal., semi-automatic pistol, serial number 261553;

Also included in this forfeiture is the following ammunition referred in each of the forfeiture allegations:

(16) Ammunition, Qty: 11, MNF: Winchester-Western, Cal: 40

(17) Ammunition, Qty: 12, MNF: Remington, Cal: 762

(18) Ammunition, Qty: 7, MNF: Remington, Cal: 380

(19) Ammunition, Qty: 7, MNF: Remington, Cal: 9

(20) Ammunition, Qty: 8, MNF: Remington, Cal: 380

(21) Ammunition, Qty: 9, MNF: Remington, Cal: 9

(22) Ammunition, Qty: 20, MNF: Remington, Cal: 762

(23) Ammunition, Qty: 46, MNF: Remington, Cal 380

(24) Ammunition, Qty: 69, MNF: Remington, Cal: 9

(25) Ammunition, Qty: 6, MNF: Remington, Cal: 223

**(26) Ammunition, Qty: 3, MNF: Remington, Cal: 762**

5.   The other currency as listed in forfeiture allegations 4 and 5 of the Superseding Indictment has already been administratively forfeited by State Officials and are not included in this forfeiture order.

6.   Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the above listed property and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2(b)(3).

7.   Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

8.   The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General (or a designee) may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

9.   Any person, other than the above named defendants, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing

without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to Title 21 U.S.C. §853(n)(2).

10. Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

11. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

12. After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

13. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party

interests, or, if none, following the expiration of the period provided in 21 U.S.C. 853(n)(2) for the filing of third party petitions.

14.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

SO ORDERED this 14th day of July, 2008.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE