⍟AO 245B   (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1

**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

**OCT 29 2008**

# UNITED STATES DISTRICT COURT
JAMES W. McCORMACK, CLERK
By: _____ /DEP CLERK

EASTERN DISTRICT OF ARKANSAS

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| DAN MORRELL CAFFEY a/k/a Rail; a/k/a Slim | Case Number: 4:07CR00250-02-WRW |
| | USM Number: 21507-009 |
| | **JEFF ROSENZWEIG** |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to counts   1s and 8s of the Superseding Indictment

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC § 846 | Conspiracy to Distribute Cocaine Base, a Class A Felony | 09/05/2007 | 1s |
| 18 USC §§ 1512(b)(1) and 2 | Aiding and Abetting Witness Tampering, a Class C Felony | 09/05/2007 | 8s |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Counts  2s, 3s, 4s, 7s, and 15s   ☐ is   X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 28, 2008
Date of Imposition of Judgment

_/s/ Signature of Judge_

WM. R. WILSON, JR.
UNITED STATES DISTRICT JUDGE
Name and Title of Judge

October 29, 2008
Date

AO 245B   (Rev. 06/05) Judgment in Criminal Case
          Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: | DAN MORRELL CAFFEY a/k/a Rail; a/k/a Slim |
| CASE NUMBER: | 4:07CR00250-01-WRW |

Judgment — Page  2  of  6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **268 MONTHS on Count 1s and 120 MONTHS on Count 8s to run concurrent with each other.**

X   The court makes the following recommendations to the Bureau of Prisons:
    The defendant is to participate in residential substance abuse treatment, and educational and vocational programs during incarceration.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

   ☐  a _____   ☐ a.m.   ☐ p.m.   on _____ .

   ☐  as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐  before 2 p.m.   _____ .

   ☐  as notified by the United States Marshal.

   ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page __3__ of __6__

DEFENDANT: **DAN MORRELL CAFFEY a/k/a Rail; a/k/a Slim**
CASE NUMBER: **4:07CR00250-01-WRW**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **5 YEARS on Count 1s and 3 YEARS on Count 8s to run concurrent**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page 4 of 6

DEFENDANT:     DAN MORRELL CAFFEY a/k/a Rail; a/k/a Slim
CASE NUMBER:   4:07CR00250-01-WRW

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

14) The defendant shall participate, under the guidance and supervision of the probation officer, in a substance abuse treatment program which may include testing, outpatient counseling, and residential treatment. Further, the defendant shall abstain from the use of alcohol throughout the course of treatment.

15) The defendant shall disclose financial information upon request of the U. S. Probation office, including, but not limited to, loans, lines of credit, and tax returns. This also includes records of any business with which the defendant is associated. No new lines of credit shall be established without prior approval of the U. S. Probation office until all criminal penalties have been satisfied.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
             Sheet 5 — Criminal Monetary Penalties

|  |  |
|---|---|
|  | Judgment — Page 5 of 6 |
| DEFENDANT: **DAN MORRELL CAFFEY a/k/a Rail; a/k/a Slim** | |
| CASE NUMBER: **4:07CR00250-01-WRW** | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 200.00 | $ 10,000.00 | $ -00- |

☐ The determination of restitution is deferred ___ . An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

| | |
|---|---|
| DEFENDANT: | DAN MORRELL CAFFEY a/k/a Rail; a/k/a Slim |
| CASE NUMBER: | 4:07CR00250-01-WRW |

Judgment — Page __6__ of __6__

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** [X] Lump sum payment of $ __200.00__ due immediately, balance due

    [X] not later than __120 days/entry of judgment__ , or
    [ ] in accordance    [ ] C,    [ ] D,    [ ] E, or    [ ] F below; or

**B** [ ] Payment to begin immediately (may be combined with    [ ] C,    [ ] D,    [ ] F below); or

**C** [ ] Payment in equal ___ (e.g., weekly, monthly, quarterly) installments of $ ___ over a period of ___ (e.g., months or years), to commence ___ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [ ] Payment in equal ___ (e.g., weekly, monthly, quarterly) installments of $ ___ over a period of ___ (e.g., months or years), to commence ___ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [ ] Payment during the term of supervised release will commence within ___ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [ ] Special instructions regarding the payment of criminal monetary penalties:

Restitution is mandatory during incarceration and supervised release. During incarceration the defendant will pay 50 percent per month of all funds that are available to him. During residential re-entry placement, payments will be reduced to 10 percent of the defendant's gross monthly income. Beginning the first month of supervised release, payments will be 10 percent per month of the defendant's monthly gross income. The interest is waived.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:
SEE FINAL ORDER OF FORFEITURE ATTACHED.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                                          4:07CR00250 WRW

NIGEL JALON CAFFEY
DAN MORRELL CAFFEY
DERRICK DONNELL CAFFEY

### FINAL ORDER OF FORFEITURE

WHEREAS, on July 14, 2008, this Court entered a Preliminary Order of Forfeiture, ordering defendants to forfeit their interest in the following:

(1)  Yugo 7.62 cal semi-automatic rifle, serial number 725183;

(2)  Glock, Model 23, 40 cal. semi-automatic pistol, serial number CUG078US;

(3)  SKS semi-automatic rifle, serial number D24129325;

(4)  SKS semi-automatic rifle, serial number 37144;

(5)  Ceska 380 cal semi-automatic pistol, serial number 180171;

(6)  Lorcin 380 cal semi-automatic pistol, serial number 481219;

(7)  HiPoint 9mm semi-automatic pistol, serial number P151540

(8)  HiPoint 380 cal semi-automatic pistol, serial number P794324; and

(9)  Bryco Arms 9mm semi-automatic pistol, serial number 1309169.

(10) $3371.16 in United States Currency (seized from Nigel Jalon Caffey on August 9, 2007);

(11) $558.00 in United States Currency (seized from 7607 Preston on April 5, 2007).

(12) Mossberg 20-guage shotgun, serial number R183570;

(13) Marlin, Model 60, .22 cal rifle, serial number 01134132;

(14) an SKS semi-automatic 7.62 cal rifle, serial number R0705485l; and

(15) A Bryco Arms 380 cal., semi-automatic pistol, serial number 261553;

1

Also included in this forfeiture is the following ammunition referred in each of the forfeiture allegations:

(16) **Ammunition, Qty: 11, MNF: Winchester-Western, Cal: 40**

(17) **Ammunition, Qty: 12, MNF: Remington, Cal: 762**

(18) **Ammunition, Qty: 7, MNF: Remington, Cal: 380**

(19) **Ammunition, Qty: 7, MNF: Remington, Cal: 9**

(20) **Ammunition, Qty: 8, MNF: Remington, Cal: 380**

(21) **Ammunition, Qty: 9, MNF: Remington, Cal: 9**

(22) **Ammunition, Qty: 20, MNF: Remington, Cal: 762**

(23) **Ammunition, Qty: 46, MNF: Remington, Cal 380**

(24) **Ammunition, Qty: 69, MNF: Remington, Cal: 9**

(25) **Ammunition, Qty: 6, MNF: Remington, Cal: 223**

(26) **Ammunition, Qty: 3, MNF: Remington, Cal: 762**

WHEREAS, the United States caused to be published in the Arkansas Democrat Gazette, a newspaper of general circulation, notice of this forfeiture and of the intent of the United States to dispose of the property in accordance with the law and as specified in the Preliminary Order, and further notifying all third parties of their right to petition the Court within thirty (30) days for a hearing to adjudicate the validity of their alleged legal interest in the property;

WHEREAS, no claims were filed by any persons with respect to any of the property described herein;

WHEREAS, the Court finds that defendants had an interest in the property that is subject to forfeiture pursuant to Title 18, U.S.C.§ 924(d) and Title 28 U.S.C. § 2461(c); and Title 21. § 853(p).

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

(1) Yugo 7.62 cal semi-automatic rifle, serial number 725183;

(2) Glock, Model 23, 40 cal. semi-automatic pistol, serial number CUG078US;

(3) SKS semi-automatic rifle, serial number D24129325;

(4) SKS semi-automatic rifle, serial number 37144;

(5) Ceska 380 cal semi-automatic pistol, serial number 180171;

(6) Lorcin 380 cal semi-automatic pistol, serial number 481219;

(7) HiPoint 9mm semi-automatic pistol, serial number P151540

(8) HiPoint 380 cal semi-automatic pistol, serial number P794324; and

(9) Bryco Arms 9mm semi-automatic pistol, serial number 1309169.

(10) $3371.16 in United States Currency (seized from Nigel Jalon Caffey on August 9, 2007);

(11) $558.00 in United States Currency (seized from 7607 Preston on April 5, 2007).

(12) Mossberg 20-guage shotgun, serial number R183570;

(13) Marlin, Model 60, .22 cal rifle, serial number 01134132;

(14) an SKS semi-automatic 7.62 cal rifle, serial number R07054851; and

(15) A Bryco Arms 380 cal., semi-automatic pistol, serial number 261553;

Also included in this forfeiture is the following ammunition referred in each of the forfeiture allegations:

(16) Ammunition, Qty: 11, MNF: Winchester-Western, Cal: 40

(17) Ammunition, Qty: 12, MNF: Remington, Cal: 762

(18) Ammunition, Qty: 7, MNF: Remington, Cal: 380

(19) Ammunition, Qty: 7, MNF: Remington, Cal: 9

(20) Ammunition, Qty: 8, MNF: Remington, Cal: 380

    (21)    Ammunition, Qty: 9, MNF: Remington, Cal: 9

    (22)    Ammunition, Qty: 20, MNF: Remington, Cal: 762

    (23)    Ammunition, Qty: 46, MNF: Remington, Cal 380

    (24)    Ammunition, Qty: 69, MNF: Remington, Cal: 9

    (25)    Ammunition, Qty: 6, MNF: Remington, Cal: 223

    (26)    Ammunition, Qty: 3, MNF: Remington, Cal: 762

are hereby forfeited to the United States of America pursuant to Title 18, U.S.C.§ 924(d) and Title 28 U.S.C. § 2461(c); Title 21, U.S.C. § 853(p).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all right, title, and interest in all of the property set forth above is hereby condemned, forfeited and vested in the United States of America, and shall be disposed of according to law; and

IT IS FURTHER ORDERED that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and

IT IS SO ORDERED this 18th day of September, 2008.

                                                            /s/ Wm. R. Wilson, Jr.
                                                            UNITED STATES DISTRICT JUDGE